**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **JER'XAVIER LANE**<br>**LA. DOC #508509** | **CIVIL ACTION NO. 5:15-1638** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN JERRY GOODWIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

*Pro se* petitioner Jer'Xavier, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner attacks his 2011 conviction for manslaughter and the hard labor sentence imposed by the First Judicial District Court, Caddo Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

***Statement of the Case***

On June 14, 2011, petitioner pled guilty to manslaughter and pursuant to a plea agreement he was sentenced to serve 40 years at hard labor. [Doc. 5, ¶1-7] Petitioner did not appeal his conviction or sentence. [Doc. 5, ¶8]

On October 1, 2012, petitioner filed a *pro se* application for post-conviction relief in the District Court. [Doc. 1, ¶11][1] On April 8, 2013, the District Court identified three claims raised

---

[1] According to petitioner he argued the following claims for relief: (1) Court, counsel, and District Attorney failed to conduct competency examination; (2) District Attorney failed to meet guidelines 6 and 8 of the Motion for Discovery; (3) Counsel withheld government evidence

by the application – (1) that petitioner's right to a fair trial and to individual dignity as guaranteed by the Louisiana Constitution were violated; (2) that his right to a fair trial and due process as guaranteed by the Louisiana Constitution were violated; and, (3) again, that his right to a fair trial and due process as guaranteed by the Louisiana Constitution were violated – and denied relief based on petitioner's "fail[ure] to provide any support to any of his allegations, and fail[ure] to meet the required burden of proof placed upon one filing an application for Post-Conviction Relief." [Doc. 5-1, pp. 1-2]

On May 29, 2013, petitioner applied for writs in the Second Circuit Court of Appeal. On July 3, 2013, the Court of Appeals granted writs in part, denied writs and part and remanded to the trial court for further proceedings. According to the judgment, the petitioner's application for post-conviction relief contained five claims and two additional claims were added by a Supplemental Application filed on December 20, 2012. The Court denied writs insofar as petitioner challenged the ruling of the trial court dismissing Claims 1, 2, and 3, but remanded to the District Court for a ruling on Claims 4, 5, 6, and 7. *State of Louisiana v. JerXavier Lane*, KH 13-48567 at Doc. 5-1, pp. 3-5]

On August 16, 2013, the District Court identified the remaining claims as follows –

Claim IV – Ineffective assistance of counsel for failing to do a thorough investigation of law and facts when he failed to seek production of medical records and when he unlawfully withheld government documents of evidence.

Claim V – Denial of a speedy trial.

---

of guideline 1 and 7 of the Motion for Discovery; (4) ineffective assistance of counsel; (5) deprivation of speedy trial; (6) deprivation of proper *Boykinization*; and (7)the District Attorney failed to present a proper plea agreement form. [Doc. 5, ¶11(a)(5)]

As to Claims VI and VII, the Court observed that these claims were repetitive and redundant and failed to raise any new issues or provide proof of previously raised issues. These remaining claims were found to be without merit and the application was again denied. [Doc. 5-1, pp. 6-9]

Petitioner once again applied for writs in the Second Circuit Court of Appeal and on December 12, 2013, writs were denied as follows:

> Defendant's guilty plea was knowledgeable and inured greatly to his benefit. He was sentenced in accordance with the plea agreement, which took place during the trial of the case.
>
> A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, such as right to a speedy trial, lack of compliance with La. C.Cr.P. art. 556.1, no competency exam, and allegedly improper plea discussions. [citation omitted] All other issues raised are repetitive or meritless.
>
> On the showing made, the writ is denied.
>
> *State of Louisiana v. JerXavier Lane*, No. 48,951-KH; Doc. 5-1, pp. 10-12.

Petitioner sought writs in the Louisiana Supreme Court. On October 3, 2014, his writ application was denied without comment. [Doc. 5-1, p. 13; *State of Louisiana ex rel. JerXavier Lane v. State of Louisiana*, 2014-0155 (La. 10/3/2014), 149 So.3d 788] On some unspecified date he applied for reconsideration and on January 16, 2015, reconsideration was denied without comments. [Doc. 5-1, p. 14; *State of Louisiana ex rel. JerXavier Lane v. State of Louisiana*, 2014-0155, 157 So.3d 1116.]

On May 5, 2015, petitioner submitted a two page hand-written letter to the Clerk of Court seeking assistance "... in finding out how much time do I [have] remaining to file an Application for *Habeas Corpus* Relief pertaining to the denial of my Post Conviction Relief application by

the Louisiana Supreme Court." In the letter he provided a basic chronology of events as outlined above and added that on October 29, 2014, he filed a Motion to Vacate Sentence in the District Court. According to the letter, that pleading was denied on January 16, 2015, and his application for writs seeking review of that judgment was filed in the Second Circuit on March 25, 2015, and it remains pending. [Doc. 1]

Also on May 5, 2015, petitioner filed a *pro se* "Motion for Extension of Time to File Writ for *Habeas Corpus* Relief Application." In that pleading petitioner claimed that he needed an additional period of 60-90 days to perfect his *habeas corpus* application. [Doc. 2]

On May 12, 2015, petitioner was directed to submit his *habeas* petition on the form provided to prisoners in this District seeking relief pursuant to 28 U.S.C. §2254 and to either pay the filing fee or submit a properly executed application to proceed *in forma pauperis*. [Doc. 4] On June 5, 2015, petitioner submitted his petition on the form provided, and included copies of the judgments of the District Court, Court of Appeals, and Supreme Court with respect to his post-conviction litigation in the State courts. [Docs. 5 and 5-1] He identified his grounds for relief as follows:

(1) Newly Discovered Evidence and Violation of 14th Amendment of U.S. Constitution. In support of this claim he alleged, "Prior to the acceptance of guilty plea and sentencing the District Attorney failed to furnish defense counsels and defendant with the scientific test results of lead fragments, shell casings (jackets) and gun, the DNA test results of all other items tested and all the information of witnesses criminal background history." He further acknowledged that state remedies with regard to this claim remained unexhausted because, "This claim was brought forward in a post-conviction application but did not include the unlawful act of the

District Attorney or the title Newly Discovered Evidence because at the time of my filing of PCR app. it was thought to have been the wrongful act of defense counsels but later discovered by the readings of cases and law that the District Attorney is responsible for furnishing defense with all documents and material of Discovery package."

(2) Ineffective assistance of counsel and violation of 6th and 14th Amendment rights. In support of this claim he argued, "The trial counsel failed to file any pre-trial motions beside Motion to Suppress Statement made by defendant (such as Motion to Quash and Motion for Evidentiary Hearing), failed to investigate case and mental illness of defendant, failed to raise the question of defendants mental health history and have him examined by psychiatrist, failed to prepare and discuss a defense but insisted on using an unusual tactic of defendant and his family's emotions of grief and counsel's own advise to get defendant to plead guilty and prior to acceptance of the guilty plea by the court counsel failed to object to improper *Boykinization* and waiver of Rule 11 rights."

(3) Invalid sentence and violation of 6th, 8th, and 14th Amendments. In support of this claim he alleged, "The indictment was substantially defective (without signature of grand jury foreman), the limitation on institution of prosecution had expired, the record showing of defendants non waiver of constitutional rights, the Court and D.A.'s failure to state for the record the consideration it took in when it imposed the sentence, the Court, D.A. and Counsel's failure to have defendant examined by psychiatrist for competency reasons, and the cruel and unusual punishment of pain and suffering by the harshness of the sentence. All of the above renders the guilty plea and sentence invalid." [Doc. 5, ¶12]

On June 5, 2015, petitioner filed a motion to appoint counsel [Doc. 7] and a motion for

subpoena. [Doc. 8] In the former motion petitioner alleged only that “he is unable to employ counsel.” In the latter motion he requested that he be allowed to subpoena two physicians at the University Health Center, Shreveport.

On June 11, 2015, petitioner’s motion to proceed *in forma pauperis* was denied [Doc. 10] and on June 26, 2015, petitioner submitted the filing fee.

***Law and Analysis***

***1. Limitations***

Title 28 U.S.C. §2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from “...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...” 28 U.S.C. §2244(d)(1)(A).[2]

The statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the

---

[2] Nothing in the record suggests that any State created impediments prevented the filing of the petition; nothing suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Thus, the limitations period should not be reckoned from the events described in 28 U.S.C. § 2244(d)(1)(B) or (C). To the extent that petitioner implies that he should be allowed to rely upon the provisions of subpart (D) because of “newly discovered evidence,” such claim is discussed more fully in Part 2, below.

one-year limitation period, as is the time between the termination of post-conviction proceedings and the filing of the federal petition. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner did not appeal his conviction and sentence. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking [direct] review" [28 U.S.C. §2244(d)(1)(A)], thirty days following June 14, 2011 (the date that petitioner was sentenced)[3] or, on or about July 14, 2011. Petitioner had one year from that date, or until July 14, 2012, to file his federal *habeas* petition. Petitioner cannot rely upon the tolling provision of Section 2244(d)(2) because he did not file his first collateral attack of his conviction in the District Court until October 1, 2012, and by that time the limitations period had already expired and could not be revived, since, as noted above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467.

Thus, it is clear that more than one year elapsed untolled between the date of finality of judgment and the date petitioner filed the instant petition.

***2. Limitations – 28 U.S.C. §2244(d)(1)(D)***

Petitioner's first claim for relief alleges "newly discovered evidence" and thus implies that limitations should be reckoned as provided in Section 2244(d)(1)(D), from "... the date on which the factual predicate of the claim or claims presented could have been discovered through

---

[3] See La. C.Cr.P. art. 914(b)(1) which provides, "The motion for an appeal must be made no later than [t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

the exercise of due diligence." A closer reading of the petition reveals that the factual predicate of this claim was known or at least was discoverable at the time petitioner entered his plea. Indeed, a close reading of the exhibits suggest that petitioner was in the middle of his trial when he accepted the terms of the plea agreement and entered his plea. Further, it is clear that petitioner asserts "newly discovered law" and not newly discovered evidence, and Section 2244(d) does not provide for reckoning of limitations under that rubric.

In other words, petitioner is not entitled to tolling pursuant to Section 2244(d)(1)(D).

***3. Equitable Tolling***

The AEDPA's one-year limitation period is subject to equitable tolling but, only in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998), *cert. denied*, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); see also *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). As noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Neither unfamiliarity with the legal process (whether the unfamiliarity is due to illiteracy or any other reason), ignorance of the law, nor even lack of representation during the applicable filing period merits equitable tolling. See *Turner v. Johnson*, 177 F.3d 390, 291 (5th Cir.1999); see also *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (age discrimination

case).

In short, the circumstances alleged herein are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996) (emphasis supplied). The pleadings do not suggest that petitioner was "actively misled" nor do they suggest that he was prevented in any way from asserting his rights.

***4. Petitioner's Motions***

On May 5, 2015, petitioner filed a *pro se* "Motion for Extension of Time to File Writ for *Habeas Corpus* Relief Application." In that pleading petitioner claimed that he needed an additional period of 60-90 days to perfect his *habeas corpus* application. [Doc. 2] However, as shown above, petitioner's *habeas* was already time-barred pursuant to Section 2244(d) as of July 14, 2012. In other words, petitioner's motion is moot and should be denied.

On June 5, 2015, petitioner filed a motion to appoint counsel. [Doc. 7] While there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences[4] the court may nevertheless appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. *See* 28 U.S.C. § 2254(h); Rules 6(a) and 8(c), Rules

---

[4] See *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992).

Governing Section 2254 Cases in the District Courts; and 18 U.S.C. §3006A. Should a *habeas* court ultimately determine that an evidentiary hearing is necessary, it must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994).

Petitioner is not entitled to an evidentiary hearing, and he has failed to demonstrate that he is entitled to appointed counsel.

Petitioner also filed a motion for subpoena requesting that he be allowed to subpoena two physicians at the University Health Center, Shreveport. Petitioner's habeas petition is time-barred. He is not entitled to an evidentiary hearing and therefore has no right to subpoena his putative witnesses.

***Recommendation and Orders***

Therefore,

Petitioner's Motion for Extension of Time to File Petition [Doc. 2], his Motion for Appointment of Counsel [7], and his Motion for Subpoenas [Doc. 8] are **DENIED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, July 17, 2015.

**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**